STATE OF INDIANA, KRUSE REAL ESTATE & AUCTIONEERS, INC. ET AL. (GARNISHEE DEFENDANTS) *v.* LYDIA J. DALEY, ADMINISTRATRIX OF THE ESTATE OF MELVIN H. DALEY, DECEASED.

[No. 1-375A59. Filed August 27, 1975.]

*Theodore L. Sendak,* Attorney General, *John R. O'Bryan,* Deputy Attorney General, for appellant.

*Thomas J. Young, Lila J. Young, Young & Young,* of Indianapolis, for appellee.

LOWDERMILK, J.—This is an appeal from the final judgment of the Hancock Circuit Court ordering the State to pay the balance of a judgment rendered in favor of plaintiff-appellee, Lydia Daley.

## FACTS:

On February 3, 1971, Daley obtained a judgment from the Hamilton Superior Court against the defendant-appellant (State) in the amount of $400,000. This judgment was subsequently affirmed by this court, and transfer to our Supreme Court was denied.

Thereafter, on September 12, 1973, Daley filed a motion for proceedings supplemental, and for restraining orders to prevent the transfer of proceeds from the sale of state surplus property to the State treasury. By agreement and court order it was established that the proceeds of the sales were to be kept separate from the treasury fund.

On October 29, 1973, the trial court ordered the judgment defendant and garnishees to appear on December 7, 1973.

Prior to any further hearings on the motion for proceedings supplemental, the State filed a motion for change of venue. The State's motion was granted January 8, 1974, and the cause was removed to Hancock County.

Subsequently, on February 19, 1974, the Indiana General Assembly passed the Tort Claims Act,[1] which provided that the aggregate liability for injury to any one person in a single occurrence was $300,000. Following the passage of the Act, the State paid over to the Hamilton Superior Court the sum

---

1. Acts 1974, P.L. 142; effective upon date of passage.

of $300,000, but did not tender the remaining $100,000 awarded in the original action.

The balance of the judgment not forthcoming, Daley then filed in the Hancock Circuit Court a petition to order payment of the balance of the judgment, plus interest from the date of the original judgment. After a motion opposing the petition was filed, a hearing on the petition was held. The court below concluded that

"* * *

2. The State of Indiana has appropriated money to pay the entire amount of the judgment, plus interest, and there is therefore appropriated the money to pay to plaintiff the sum of $192,804.14, plus interest at $42.27 per day from May 17, 1974.

2. It is the duty of the Attorney General of Indiana to present vouchers to the Auditor of Indiana, for the sum of $192,804.14, plus interest of $42.27 per day from May 17, 1974, and it is the duty of the Auditor of Indiana to honor such vouchers and pay said sum to plaintiff herein."

The court then entered judgment that

". . . the Attorney General of Indiana shall present vouchers to the Auditor of Indiana, for the payment of the unpaid blaance (sic) of plaintiffs judgment in the sum of $192.-804.14 puls (sic) interest at $42.27 per day from May 17, 1974, until paid and the Auditor shall take the necessary steps to obtain a warrant for the payment of said vouchers and shall pay the same to the Superior Court of Hamilton County, Indiana, in satisfaction of the unpaid balance of the judgment herein."

It is the above judgment that the State appeals.

## I.

We deal first with the State's arguments that

1) Daley cannot execute upon State property or proceeds from the sale thereof, and

2) The trial court lacked subject matter jurisdiction.

With regard to the first argument, the State contends that State property and proceeds from sales are exempt from execution, citing IC 1971, 34-4-16-6, 4-13-2-12 (Burns Code Ed.), and several cases.

We concede the possible validity of the State's arguments and authority in this regard. However, even assuming *arguendo* the correctness of the State's position, we find it inapposite in the case at bar. The judgment here appealed is the granting of a petition which requested payment of the balance of a prior judgment. The Hancock Circuit Court never ruled on the motion for proceedings supplemental filed originally in the Hamilton Superior Court. While we would agree that after the cause was venued to Hancock County, *all* matters were then before the court, the only matter contained within the judgment presently appealed is the petition for payment.

The final judgment of the Hancock Circuit Court is clear and unambiguous, and we are not at liberty to construe such a judgment to contain matters other than those clearly represented. *Plank* v. *Hinkle* (1919), 73 Ind. App. 663, 125 N.E. 479. The present appeal can only be an attack on the specific judgment of the trial court, *Taylor et al.* v. *Meskimen et al.* (1955), 234 Ind. 485, 128 N.E.2d 872, and we find no part of the judgment here involved to be a final decision on Daley's motion for proceedings supplemental. Therefore, inasmuch as there was no final decision on the motion which could be appealed, we find it unnecessary to consider the State's argument in this regard.

In addressing the State's second argument above, we find that it is but an extension of the first. The thrust of the second argument is that the trial court lacked jurisdiction because there is no statutory provision for proceedings supplemental against the State.

Whatever the merits of this argument, we need not discuss them here, inasmuch as we have already determined that the issue of proceedings supplemental is not properly before this court. A decision on the issue of the propriety of execution against state property should not be made where there has been no actual execution nor judgment in the trial court with regard thereto.

## II.

The only remaining issue is whether the Tort Claims Act, passed after the original judgment awarding damages, should be applied retroactively to limit Daley's recovery to $300,000.

The Act clearly states that

"The aggregate liability of all governmental entities does not exceed three hundred thousand dollars ($300,000) for injury to or death of one (1) person in any one (1) occurrence . . ."

The State contends that the Act, and specifically the above provision, was a legislative response to the abolition of sovereign immunity.

Further, the State asserts that the Act contains language which indicates that it should be applied retroactively, to-wit:

". . . There is hereby appropriated from the general fund of this state sufficient funds to settle claims and to satisfy tort judgments *which have been* or will be obtained against the State of Indiana and to pay expenses authorized by this Act, including liability insurance premiums, interest on said claims and judgments and expenses incurred by the attorney general in employing other counsel to aid in defending or settling claims or civil actions against the state. The attorney general shall have the authority and duty to present vouchers for the preceding items or expenses to the auditor of the state, who shall issue warrants on the treasury for the amounts so presented." (State's emphasis.)

The State argues that the above language is a legislative directive that the Act be applied to prior judgments.

Finally, it is the State's argument that inasmuch as the Act is merely remedial in nature, and does not remove existing rights nor add new ones, there can be no objection to a retroactive application of the Act.

In response to the above arguments, Daley contends that it is the general rule in this State that statutes should not be applied retroactively unless the language of the statute clearly so provides.

Daley also argues that the application of the Act to past judgments would amount to the deprivation of substantial rights, and that the statute is more than remedial.

Daley supports her arguments by reference to the same statutory provision above which provides appropriations for past and future claims. Daley, however, emphasizes the language that

"The attorney-general shall have the authority and duty to present vouchers for the preceding items or expenses to the auditor of the state, who shall issue warrants on the treasury for the amounts so presented."

Daley thus concludes that the petition filed in the trial court was properly granted because the Act specifically provides for the payment of judgments rendered before passage of the Act.

In addition to the above, Daley also asserts various arguments based on constitutional guarantees and the principle of due process.

### III.

It is our opinion that the Indiana Tort Claims Act should *not* be applied retroactively.

The established rule in this State is that

"Statutes are to be construed as having a prospective operation unless the language clearly indicates that they were intended to be retrospective. (Citations omitted.)

Where retroactive operation of remedial statutes is necessary to carry out the purpose of the new law, *and no new rights are given* or existing rights taken away, and only a new remedy is afforded for the enforcement of an *existing right*, the statutes may be given a retroactive operation. A retroactive statute must not take away an existing right *or give a new right*, but can only provide a new remedy to enforce an existing right." (Original emphasis.)

*Malone* v. *Conner*, (1963), 135 Ind. App. 167, 170, 189 N.E.2d 590. *See also, Johnson* v. *The Bd. of Comm'rs of Wells County* (1886), 107 Ind. 15, 8 N.E. 1; *Herrick* v. *Sayler*, 245 F.2d 171 (7th Cir. 1957); *England* v. *City of Richmond*, 419 F.2d 1156 (7th Cir. 1969.)

The language of the Act relied upon by the State does not clearly indicate that application of the statute to prior judgments would be proper. Rather, the appropriations section,

giving the words their ordinary meaning, supports the contention of Daley that a prospective application only is warranted.

The section limiting recovery is silent as to retroactivity, and the appropriations section does *not* say that claims "which have been . . . obtained" are limited to $300,000. Indeed, the Attorney General has the *duty* to present vouchers for past and present claims, and there is nothing expressed or implied that said vouchers should be limited to $300,000. We conclude that the Act should be read to mean that appropriations have been made for past judgments *in full*, but that claims obtained after February 19, 1974, will be limited by the Act to the amount stated therein.

To hold otherwise would deprive Daley of a substantial portion of an existing, vested right, which was duly obtained by judicial decision. The Legislature is not at liberty to undo that which was properly established by a co-equal branch of state government.

As was stated in *Heath* v. *Fennig* (1942), 219 Ind. 629, 634, 40 N.E.2d 329, the Legislature

> ". . . has no authority and no power to nullify final judgments of a court of competent jurisdiction nor does it have the power to impair the rights and obligations created and vested by such final judgment."

Further, our Supreme Court held, in *Miller* v. *Jackson Twp.* (1912), 178 Ind. 503, 99 N.E. 102, that

> "In this appeal, the rights of the parties, under the judgment appealed from were fixed by the law as it stood when the judgment was rendered. These rights were vested, and could not be impaired by subsequent legislation. Constitution, Art. 1, § 24; *Johnson* v. *Gebhauer* (1902), 159 Ind. 271, 64 N.E. 855, and cases cited; *Johnson* v. *Board, etc.* (1886), 107 Ind. 15, 31, 8 N.E. 1, and cases cited."

Finally, our position is summarized by the following quotation from *State ex rel. Mass Transp. Auth.* v. *Indiana Rev. Bd.* (1968), 144 Ind. App. 63, 253 N.E.2d 725:

> ". . . To hold, as defendants urge, that the Act (House Enrolled Act No. 1115) prevailed in its application as to

the judgment in favor of Mass Transportation Authority of Marion County would deprive the Mass Transportation Authority of its judgment by legislative action. The General Assembly cannot interfere with a judicial determination. Article 3, § 1, of the Constitution."

We consider it beyond serious dispute that Daley has a vested right granted by the final judgment of the original trial court. We further find that a retroactive application of the Tort Claims Act would deprive Daley of a large portion of that vested right without just cause or reason.

The judgment of the Hancock Circuit Court ordering payment of the balance due Daley, plus interest, is, therefore, affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 332 N.E.2d 845.