Eris **HOLT, as Administrator of the Estate of Wilma M. Holt, Plaintiff-Appellant,**

v.

**CITY OF BLOOMINGTON, State of Indiana and Indiana State Highway Commission, Defendants-Appellees.**

No. 1–478A99.

Court of Appeals of Indiana,
First District.

June 26, 1979.

Rehearing Denied July 31, 1979.

Vernon J. Petri, John J. Fuhs, Petri & Fuhs, Spencer, David S. McCrea, McCrea & McCrea, Bloomington, for plaintiff-appellant.

Theodore L. Sendak, Atty. Gen., Robert S. Spear, Asst. Atty. Gen., Indianapolis, for State of Indiana and Indiana State Highway Commission.

LOWDERMILK, Presiding Judge.

## STATEMENT OF THE CASE

Plaintiff Eris Holt appeals the final order of the Brown Circuit Court denying him interest on a judgment against Defendant State of Indiana. Holt challenges the applicability and the constitutionality of Ind. Code 34–4–16.5–17.

We affirm.

## FACTS

Wilma Holt died as the result of a motor vehicle collision on January 11, 1972. Eris Holt, husband of Wilma Holt and administrator of her estate, filed a wrongful death action on March 8, 1972, and the State of Indiana was added as a party defendant on November 8, 1972. On October 22, 1974, the Brown Circuit Court entered judgment on a jury verdict in the amount of $100,000 against the City of Bloomington, the State of Indiana, and the Indiana State Highway Commission. The City of Bloomington tendered to Holt $35,000 in exchange for his covenant not to execute on the judgment against the City. The State and the Highway Commission appealed, and the Court of Appeals, per Judge Lybrook, affirmed on April 19, 1977. *City of Bloomington v. Holt*, (1977) Ind.App., 361 N.E.2d 1211. On August 15, 1977, the Supreme Court dismissed the State's petition for transfer, and on August 29, 1977, the Supreme Court denied the State's petition to reconsider the dismissal of the petition for transfer.

On September 30, 1977, Holt filed a motion to correct a clerical mistake in the judgment, requesting that the judgment be corrected to show that interest at the rate of 8% per year was to accrue until the judgment was satisfied in full. The Brown Circuit Court entered an order granting the motion, but the State moved to set aside that order pending a hearing. On October 14, 1977, the State paid $65,000, the balance of the judgment, to the Clerk of the Brown Circuit Court. A hearing was held, and on December 20, 1977, the trial court denied Holt's request for interest on the judgment. Holt timely filed his motion to correct errors, which was denied, and he now appeals.

## ISSUES

1. Whether or not Ind. Code 34–4–16.5–17 is applicable where a cause of action accrued prior to the effective date of the statute.

2. Whether or not the State paid the judgment in time to benefit from the "no interest" provision of IC 34–4–16.5–17.

3. Whether or not IC 34–4–16.5–17 violates the equal protection and due process provisions of the United States and Indiana Constitutions.

## DISCUSSION AND DECISION

*Issue One*

Holt argues that because the Indiana Tort Claims Act, Ind. Code 34–4–16.5–1 *et seq.*, took effect on February 19, 1974, the trial court improperly gave Ind. Code 34–4–16.5–17 retroactive effect by applying it to his judgment against the State and by ruling that he was not entitled to interest on his judgment.

The "no interest" provision of which Holt complains, IC 34–4–16.5–17, reads as follows:

" . . .

Sec. 17. A claim or suit settled by, or a judgment rendered against, a governmental entity shall be paid by it not later

than one hundred eighty [180] days after settlement or judgment, unless there is an appeal, in which case not later than one hundred eighty [180] days after a final decision is rendered. If payment is not made within one hundred eighty [180] days, the governmental entity is liable for interest from the date of settlement or judgment at an annual rate of eight percent [8%]. . . ."

Holt reasons that because his cause of action accrued on January 11, 1972, and the Tort Claims Act did not take effect until February 19, 1974, the State could not benefit from the 180-day interest-free grace period. He argues that the fact that the General Assembly deemed it necessary to make the Tort Claims Act effective immediately upon passage under an emergency clause strongly indicates that it did not intend for the Act to have a retroactive effect. Furthermore, Holt says, Indiana case law has established that a statute is to be construed prospectively unless language in the statute clearly indicates a legislative intent to make it apply retroactively. Holt cites *State v. Daley*, (1975) Ind.App., 332 N.E.2d 845, and *Palmer v. State*, (1977) Ind.App., 363 N.E.2d 1245, for the proposition that the Tort Claims Act cannot be applied retroactively. He also argues that allowing the State 180 days in which to pay the judgment without interest divests him of his right to recover interest. Holt further maintains that because the State will have the interest-free use of a successful plaintiff's money until the appeal is exhausted, the State will be unjustly enriched and will be encouraged to take frivolous appeals.

Holt's contentions under this issue have largely been answered by two recent decisions of this court, *Speidel v. State*, (1979) Ind.App., 386 N.E.2d 180, and *Glick v. Department of Commerce*, (1979) Ind.App., 387 N.E.2d 74. In each of those cases the plaintiff's cause of action arose prior to the effective date of the Tort Claims Act, and the plaintiff obtained his judgment after that date. In both cases IC 34–4–16.5–17 was held applicable, and the plaintiffs were denied interest on their judgments.

In *Speidel, supra,* Judge Young noted that the plaintiff had overlooked two points which narrowed the issue before the court: (1) the focal point of IC 34–4–16.5–17 is the date of the *judgment,* not the date on which the cause of action arose; and (2) the State was not attempting to attack a judgment which had been rendered prior to the passage of the Tort Claims Act. Judge Young then turned to the question of whether or not the plaintiff had a vested right to receive interest on his judgment. He concluded that the plaintiff did not have such a vested right. Judge Young adopted certain principles stated in a contract case, *Davis v. Rupe*, (1888) 114 Ind. 588, 17 N.E. 163, 165, which he quoted at page 182 of 386 N.E.2d:

"[']As has often been declared, there can be no vested right in remedies, provided they are not so changed as to be rendered nugatory. Hence it is that whatever belongs to the remedy merely is within the control of the legislature, subject only to the limitation that an adequate and reasonable mode of enforcing the right must remain or be provided which leaves the value of the contract without substantial depreciation or impairment.[']" (Our insertions) ·

He then determined that the plaintiff's right to recovery was not destroyed by IC 34–4–16.5–17; rather, that section "operates only to excuse the State's liability for interest of the judgment is promptly paid." *Speidel, supra,* 386 N.E.2d at 182.

Furthermore, Judge Young effectively distinguished the cases of *Palmer* and *Daley, supra,* in *Speidel, supra,* at pages 182–83 of 386 N.E.2d:

" * * *

. . . In *Palmer v. State* the court held that the notice provisions of the Tort Claims Act did not apply to the case then before it. This result was reached because the notice requirement was itself directly tied to an event (the date of the accident) which had occurred prior to the passage of the Act. Consequently, the court in *Palmer v. State* rejected the asserted application of the Act because the

application would have turned upon an event which occurred *prior* to the date the Act became effective. In contrast, the application of the Act in the present case turns upon the date of the judgment, an event which occurred *after* the passage of the Act. *See City of Indianapolis v. Wynn*, (1959) 239 Ind. 567, 157 N.E.2d 828 (amendatory statute; former statute governs events prior to amendatory statute; amendatory statute applies to future proceedings of pending cases); 82 C.J.S. *Statutes* § 422, p. 1000 (1953). This same distinction applies to *State v. Daley, supra*, in which the court refused to apply the Act to a judgment rendered *prior* to the passage of the Act. *Palmer v. State* and *State v. Daley* are, therefore, distinguishable because in each case the appellant had asked the court to apply the Act to an event or circumstance which occurred prior to the passage of the Act.

. . .

* * * " (Original emphasis)

Thus, even though Holt's cause of action arose prior to the effective date of IC 34–4–16.5–17, he has not been deprived of any vested right through a retroactive operation of the statute. Moreover, IC 34–4–16.5–17 operates upon the judgment rather than upon the accrual of the cause of action. The judgment here was rendered eight months after the Tort Claims Act took effect.

With regard to the contention that the "no interest" provision unjustly enriches the State and encourages frivolous appeals, we observe that the General Assembly's legislative power is restricted only by the Indiana Constitution and by the United States Constitution and treaties validly executed under it. *Central Union Telephone Co. v. Indianapolis Telephone Co.*, (1920) 189 Ind. 210, 126 N.E. 628. The constitutional arguments raised by Holt will be considered later in this opinion.

*Issue Two*

█ Holt contends that even assuming that IC 34–4–16.5–17 applies to his case, the State has failed to pay the judgment within the 180-day time limit, thus entitling him to interest on the judgment at the rate of 8% per year from the date of the judgment. He asserts that a "final decision" has been interpreted to mean "that decision or judgment of a trial court from which an appeal would lie." Holt further contends that if any other interpretation of "final decision" is possible, then the statute is ambiguous and must be construed in accordance with his favored interpretation, which, he says, is the customary meaning of the term. He concludes that the date on which the State paid the judgment, October 14, 1977, was long after the expiration of 180 days from the October 22, 1974, date of the judgment.

We note, however, that *Speidel* and *Glick, supra*, have already resolved this question. In *Speidel*, the "final decision" was held to be the Supreme Court's denial of transfer. In *Glick*, the decision of this court was held to be the "final decision" because no petitions for rehearing and transfer were filed. Accordingly, the "final decision" in the case at bar would be the Supreme Court's denial of the State's petition to reconsider the dismissal of the petition for transfer on August 29, 1977.

Holt maintains, however, that *Speidel, supra*, is not controlling because the question of ambiguity in IC 34–4–16.5–17 was not raised there. Furthermore, he cites *Seymour National Bank v. State*, (1979) Ind.App., 384 N.E.2d 1177, 1186, for the proposition that the Court of Appeals "will not construe a statute in a manner which results in harsh or unjust consequences." Holt also argues that there is no clear showing of legislative intent to exempt the State from paying interest if it chooses to appeal an adverse judgment and that if the legislature had so intended, it could have said so expressly.

*Speidel* and *Glick, supra*, are controlling here because Holt has failed to demonstrate any ambiguity in IC 34–4–16.5–17. If the General Assembly had intended to equate "final decision" with "judgment," it would not have used both of those terms in the same section. Furthermore, if those terms were synonymous, the exception in the first

sentence of IC 34–4–16.5–17 [1] would be totally redundant. Moreover, Judge Lybrook dismissed the possibility of ambiguity in that section in *Glick, supra*, where at page 77 of 387 N.E.2d he said:

"Statutes are to be construed to give effect to the ordinary and plain meaning of the words used. If the intent of a statute is unmistakable and its meaning so plain and unambiguous that there is no room for judicial construction, we will adopt the meaning plainly expressed. *Bowen v. Review Board of Indiana Employment Security Division* (1977), Ind. App., 362 N.E.2d 1178.

Clearly, there is no need for judicial construction here, where the statute provides that the 180-day period begins to run at the date of settlement or judgment 'unless there is an appeal, in which case not later than one hundred eighty [180] days after a final decision is rendered.'

The Court of Appeals rendered its judgment on February 13, 1978, and since no petition for rehearing was filed thereon, the Court of Appeals judgment was the 'final decision' from which the 180-day period would run. . . . * * "

The General Assembly has expressed its intent in IC 34–4–16.5–17 unambiguously and with sufficient clarity. Consequently, the State had 180 days from August 29, 1977, to pay the judgment before it became liable for interest. The State paid the judgment on October 14, 1977, well within the 180-day period. We hold that the State owes Holt no interest under the terms of IC 34–4–16.5–17.

*Issue Three*

■ Holt asserts alternatively that IC 34–4–16.5–17 violates the equal protection

and due process provisions of the Constitutions of Indiana and the United States. We note initially that Holt has failed to argue his due process contention and thus has waived it under Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). *Guardiola v. State*, (1978) Ind., 375 N.E.2d 1105. Consequently, we need only consider Holt's equal protection arguments.

■ Holt contends that his rights under the fourteenth amendment to the United States Constitution and under article 1, § 23 of the Indiana Constitution have been violated by invidious discrimination resulting from IC 34–4–16.5–17 through either of two classification schemes: (1) governmental tort-feasors, who are entitled to a grace period of 180 days, as opposed to private tort-feasors, who are not; or (2) victims of negligence of governmental entities, who are not entitled to interest if the judgment is paid within 180 days, as opposed to victims of negligence of private parties, who are entitled to interest.

We do not find these classifications to be arbitrary or invidious. Our Supreme Court largely eliminated the last vestiges of the common law doctrine of sovereign immunity of the State in *Campbell v. State*, (1972) 259 Ind. 55, 284 N.E.2d 733.[2] However, Chief Justice Arterburn, writing for the court, stated that whatever problems might be created for the State by the abolition of sovereign immunity were proper subjects for the legislature to consider. Thus, the General Assembly is not prohibited from placing limitations upon the State's tort liability as it has done in the Tort Claims Act.[3]

In *Batchelder v. Haxby*, (1975) Ind.App., 337 N.E.2d 887, 889–90, Judge Garrard explored the basis for the classification creat-

---

1. " . . . unless there is an appeal, in which case not later then one hundred eighty [180] days after a final decision is rendered."

2. One still had to demonstrate a breach of duty owed to him as a private individual in order to have standing to recover in tort against the State. *Campbell, supra.*

3. In addition to the limitation on the State's liability for interest in IC 34–4–16.5–17, we note that Ind. Code 34–4–16.5–4 limits the dollar amount of the State's tort liability and gives the State immunity from punitive damages. Also, Ind. Code 34–4–16.5–3 enumerates the activities for which and the situations in which the State cannot be held liable in tort.

ed by the notice requirements of the former tort claims statute, Ind. Code 18–2–2–1:[4]

"Accordingly, it appears that our statute establishes governmental tortfeasors as a classification entitled to notice to permit prompt investigation of claims. Governmental units are different from private tortfeasors. *There are basic differences in* the manner and responsibility of passing on claims and *the sources of funds used to compensate those innocently injured.* The nature of the employment process of their agents and servants also differs. Consideration of these differences is proper since litigation is not the only means of compensating injured individuals. The fact that the statute in question might oftentimes produce a harsh result through application of the short notice period it provides does not elevate the problem to constitutional proportions. We are unable to say the classification does not rest upon any reasonable basis. We find the statute constitutional in this regard." (Our emphasis)

While some aspects of the basis for a notice provision may not be applicable to the interest provision, we note that, as Judge Garrard suggested, the funds used to pay judgments rendered and costs and interest assessed against the State are public funds. The state government, as the legitimate representative of all the people of Indiana, is very different in nature from a private individual or organization. As Justice Arterburn indicated in *Campbell, supra,* the legislature may properly deal with special problems created by the State's tort liability.

We hold that there is a rational basis for the restrictions upon the State's liability for interest on judgments in IC 34–4–16.5–17 and that Holt has not been denied the equal protection of the laws.

Consequently, we affirm the Brown Circuit Court's denial of Holt's request for interest on the judgment against the State.

LYBROOK and ROBERTSON, JJ., concur.

---

**4.** Repealed by Acts of 1974, P.L. 142, § 3.