STEWART *v.* MARSON CONSTRUCTION CORPORATION ET AL.

[No. 30,196. Filed June 25, 1963.]

*Cecil C. Tague, Sr., Roger H. Smith,* both of Brookville and *Livengood & Reinke,* of Richmond, for appellant.

*Harlan, Harlan, Schussler & Keller,* and *Russell H. Schussler,* of Richmond, for appellees.

LANDIS, J.—Appellant has taken this appeal from an adverse judgment in an action in which appellant was seeking damages for personal injuries for appellees' alleged negligence growing out of an accident which

occurred on November 2, 1956. The suit was filed at the trial court on November 1, 1958.

Appellees have filed motion to dismiss the appeal alleging that on January 12, 1963, the appellant died and that this was a cause of action for personal injuries which does not survive the decedent.

Appellant's counsel have filed memorandum in opposition contending that the action does survive under the Acts of 1959, ch. 309, §1, p. 786 (Burns' §2-403, 1962 Supp.), which provides so far as applicable, as follows:

> "All causes of action shall survive, and may be brought, notwithstanding the death of the person entitled or liable to such action, by or against the representative of the deceased party, except actions for personal injuries to the deceased party, which shall survive only to the extent provided herein. . . . Provided, however, That when a person receives personal injuries caused by the wrongful act or omission of another and thereafter dies from causes other than said personal injuries so received, the personal representative of the person so injured may maintain an action against the wrong-doer to recover damages resulting from such injuries, if the person so injured might have maintained such action, had he or she lived; but provided further, that the personal representative of said injured person shall be permitted to recover only the reasonable medical, hospital and nursing expense and loss of income of said injured person, resulting from such injury, from the date of the injury to the date of his death."

Appellant's counsel contends the statute in effect at the time of appellant's death governs the determination of whether or not the cause of action survives rather than the statute in effect at the time the cause of action accrued. (There is no question in this case but that the death occurred from other causes than the

personal injuries received in the accident of November 2, 1956).

The general rule however is to the contrary and a statute will not ordinarily be given a retroactive construction by which it will impose liabilities not existing at the time of its passage or which will affect an existing liability to the detriment of a defendant. See: 82 C. J. S., Statutes, §418, p. 995; 26 I. L. E., Statutes, §193, p. 377.

The statute in question in this case has recently been held by the Indiana Appellate Court not to have a retroactive effect so that the 1959 statute had no application to a case where the injuries were received on June 24, 1958, but the death from other causes occurred on November 10, 1960. *Malone* v. *Conner* (1963), 135 Ind. App. —, —, 189 N. E. 2d 590. We agree with that decision.

It has also similarly been held by the U. S. Circuit Court of Appeals, Seventh Circuit, that an Indiana statute increasing the amount recoverable from $1,000 to $5,000 in actions for the wrongful death of a child, and which statute became effective June 30, 1955, did not apply retroactively to an injury and death occurring on March 25, 1955, so as to give the federal courts jurisdiction under diversity of citizenship. *Herrick* v. *Sayler* (1957), 245 F. 2d 171, 174.

As the 1959 statute in this case had no retroactive application, we must conclude that appellant's action for injury to the person which accrued on November 2, 1956, under the law in effect at that time, did not survive, and that appellees' motion to dismiss appeal should be sustained.

Appeal dismissed.

Myers, C. J., and Achor and Arterburn, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 191 N. E. 2d 320.