**Ethel Aleas Robertson HISCOX, Respondent-Appellant,**

v.

**Richard Andrew HISCOX, Petitioner-Appellee.**

No. 3–1176A271.

Court of Appeals of Indiana, Third District.

Feb. 14, 1979.

David E. McClure, Indianapolis, for respondent-appellant.

Jeffrey A. Cooke, Lafayette, for petitioner-appellee.

GARRARD, Presiding Judge.

Respondent-Appellant, Ethel A. Hiscox (Wife), brings this appeal from the denial of her motion to correct errors filed in a proceeding for the dissolution of her marriage with Richard A. Hiscox (Husband). The sole issue upon appeal is whether the trial court erred in denying Wife any portion of Husband's military retirement pay.

Husband's petition for dissolution of marriage was granted on July 14, 1975. The sole assets of the marriage consisted of items of personal property. The trial court apportioned to Wife as her share of the marital assets personalty valued at $13,600.[1] Husband was awarded personalty valued at $2,840 and his interest in real estate owned

---

1. The trial court did not assign values to any of the marital assets. The figures used are those assigned by Husband unless otherwise noted.

jointly with his mother. In addition, Wife was awarded a $15,000 money judgment and both parties were awarded their respective retirement benefits.

Wife valued Husband's gross military retirement pay earned during the marriage based on his life expectancy at $499,545 (present value $220,265). Wife contends that this benefit is the only major asset of the marriage and that the trial court abused its discretion by awarding such benefit entirely to Husband. We cannot agree.

IC 31–1–11.5–11 provides for the disposition of marital assets upon dissolution as follows:

"In an action pursuant to section 3(a) [subsection (a) of 31–1–11.5–3], the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one (1) of the spouses and requiring either to pay such sum as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

In determining what is just and reasonable the court shall consider the following factors:

(a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(b) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

"(d) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

(e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties. [IC 1971, 31–1–11.5–11, as added by Acts 1973, P.L. 297, § 1 P. 1585.]."

■ The statute does not define "property" but this court has held that a vested present interest must exist for an item to come within the ambit of property to be divided. *Goodwill v. Goodwill* (1978), Ind. App., 382 N.E.2d 720; *Savage v. Savage* (1978), Ind.App., 374 N.E.2d 536; *Wilcox v. Wilcox* (1977), Ind.App., 365 N.E.2d 792. Thus, while it is required for the trial court to consider a spouse's pension plan as a factor in dividing existing marital property,[2] an actual award under the property settlement must consist of assets in which the parties have a vested present interest.

In *Savage*, the husband had retired and was receiving periodic railroad retirement benefits which were contingent upon his survival. It was held that the husband did not have a sufficient vested present interest in his future monthly pension payments to qualify those payments as property within the ambit of IC 31–1–11.5–11. The court stated:

"James does not have a sufficient vested present interest in his future monthly pension payments so as to qualify those payments as 'property' under the relevant statute. At the time of the decree of dissolution, James had only a contingent future interest rather than a vested present interest in the payments. He was not entitled to receive payment of his pension on demand, but rather was required to wait for monthly payments which were contingent upon his continued survival. While we realize that there are material differences between a salary that may be earned at some future time

---

2. *See Hedrick v. Hedrick* (1891), 128 Ind. 522, 26 N.E. 768; *Savage v. Savage* (1978), Ind.

App., 374 N.E.2d 536; *Stigall v. Stigall* (1972), 151 Ind.App. 26, 277 N.E.2d 802.

and the right to receive payments under a vested pension plan, it seems only too apparent that payments to be made from income to be received in the future constitutes an award of property in excess of the value of the marital assets and therefore constitutes an award of maintenance or support rather than a division of property." 374 N.E.2d 538, 539.

In the case before us, Husband's right to the military retirement payments are very similar to the payments in *Savage*. Husband was retired from military service at the time of dissolution and was receiving monthly retirement payments. Such payments, however, were contingent upon his survival and upon the amount of income received from other sources. Thus the military retirement pay sought to be divided is not a vested present interest. The trial court was correct in awarding such benefit entirely to Husband.

Affirmed.

HOFFMAN and STATON, JJ., concur.