**Damon R. SADLER, Appellant (Petitioner Below),**

v.

**Arlean F. SADLER, Appellee (Respondent Below).**

**No. 4–681A43.**

Court of Appeals of Indiana, Fourth District.

Dec. 9, 1981.

Campbell, Kyle & Proffitt, Carmel, for appellant.

MILLER, Presiding Judge.

Damon R. Sadler appeals from the distribution of property in a dissolution action claiming the trial court erred in awarding the wife, Arlean F. Sadler, a portion of his military retirement benefits. We find the trial court erred in awarding property in excess of the marital assets, which award was based in part on an improper distribution of Damon's future interest in retirement benefits. We therefore reverse the trial court's distribution.

## FACTS

The Sadlers were married on May 5, 1952 and petitioned for a dissolution of their marriage on April 18, 1980. The trial court dissolved the marriage after a hearing on the petition on August 27, 1980. The evidence at the dissolution proceeding revealed Damon retired from the United States Air Force in May of 1971 after 30 years of service. He began receiving approximately $900 per month in retirement benefits at that time. In 1980, after adjustments for increases in the cost of living, Damon was receiving $1,200 per month in benefits after taxes. According to a certified public accountant who testified at the hearing, Damon's "present interest" in retirement benefits equaled $114,161 based on a computation utilizing 15.6 years as Damon's life expectancy. Both parties testified, however, that Damon's benefits would cease upon his death.

The evidence also revealed the parties had accumulated several assets during the marriage including two automobiles, a mobile home, personal property and household furnishings, and the marital residence in Kokomo, Indiana. Two children were born to the parties during their marriage, both of whom were emancipated at the time of the hearing. Although there was no evidence indicating whether Damon was gainfully employed, Arlean was a telephone operator for Indiana Bell with a take-home pay of approximately $200 per week. There was no evidence indicating Arlean was either partly or totally incapacitated.

After the hearing, the trial court took the matter of property distribution under advisement. On January 6, 1981 the trial court allocated the parties' property as follows:

*To Damon*:

1. 1975 Pinto valued at $2,000
2. Mobile Home valued at $1,600
3. Life Insurance (no cash value)
4. Personal property now in his possession (unspecified value)
5. Future military benefits valued at $114,100 over remaining life expectancy of 15.6 years.[1]

*To Arlean*:

1. 1978 Oldsmobile valued at $2,100
2. Indiana Bell Credit Union Account valued at $5
3. Personal and household goods now in her possession valued at $3,030
4. The real estate in Kokomo, Indiana appraised at $34,500 subject to a mortgage of $11,500 leaving $23,000 in equity
5. $10,400 payable by Damon at the rate of $400 per month for 26 months.

Excluding Damon's retirement income, the parties' marital assets totaled $31,735. Since Arlean was awarded $38,535, her award exceeded the total marital assets by approximately $6,800 if the benefits were not subject to distribution. The present controversy, therefore, centers on the propriety of including Damon's retirement benefits in the marital property for purposes of distribution.

### DECISION

■ We first note that Arlean has not favored this Court with a brief on appeal. Damon may therefore prevail by making a prima facie showing of reversible error. *D.H. v. J.H.*, (1981) Ind.App., 418 N.E.2d 286.

■ In the instant case, Damon argues primarily that the trial court's excessive award to Arlean was a product of erroneously including his military retirement pay in the marital assets. Although we initially note the court's order does not expressly tie the cash award to Damon's benefits, the memorandum accompanying the order strongly suggests such a connection. Specifically, the court found Arlean had a "present interest in [Damon's] retirement benefit of $28,500 ...," and sought to award Arlean her alleged interest through a combination of property and cash. This memorandum, however, does not constitute special findings of fact binding on the trial court, and, therefore any theory supported by the evidence may be considered by this Court in affirming the judgment. *Malo v. Gilman*, (1978) Ind.App., 379 N.E.2d 554. Nevertheless, we may refer to the memorandum to determine the meaning and effect of the lower court's judgment. *Id.*

Although it appears the trial court attempted to award Arlean an interest in Damon's benefits, we must confess our inability to find any evidence in the record indicating Arlean had a "present interest" in Damon's retirement pay. When the order for property distribution was made in this cause, the trial court was empowered to divide the parties' property acquired, either jointly or individually, before the filing of the petition for dissolution. Ind.Code 31–1–11.5–11. Assets acquired after the parties' final separation were not subject to division. *Irwin v. Irwin*, (1980) Ind.App., 406 N.E.2d 317.

■ Moreover, "property" subject to distribution included "all the assets of either party or both parties, including a *present right to withdraw* pension or retirement benefits." Ind.Code 31–1–11.5–2(d), as added by Acts 1980, P.L. 180 § 1, effective September 1, 1980. This language manifested legislative approval and adoption of prior case law requiring a "present vested interest" in property before subjecting it to distribution. 14 Ind.L.Rev. 347 (1981); *see, e. g., Hiscox v. Hiscox*, (1979) Ind.App., 385 N.E.2d 1166; *Savage v. Savage*, (1978) Ind. App., 374 N.E.2d 536. A trial court could not award an interest in a spouse's future income, whether the source of that income constitutes salary, pension or retirement benefits. *Wilson v. Wilson*, (1980) Ind.App., 409 N.E.2d 1169; *Goodwill v. Goodwill*, (1978) Ind.App., 382 N.E.2d 720; *Wilcox v. Wilcox*, (1977) Ind.App., 365 N.E.2d 792.

1. Damon was 64 years old at the time of the hearing. Arlean was 60 years old.

In the instant case, Damon was receiving military retirement benefits at the time of the property distribution, but his continued receipt of these monthly payments was contingent on his survival. A virtually identical situation was presented in *Hiscox v. Hiscox, supra,* where the husband was receiving monthly military retirement payments at the time of dissolution. Since the payments were contingent upon his survival and upon the amount of other income, this Court found such assets did not constitute a present vested interest and were therefore properly excluded from distribution.

This does not, however, preclude a trial court from considering such assets in determining the manner in which the other property is distributed. *E.g., Hiscox v. Hiscox, supra.* Such a consideration is proper, for example, under IC 31–1–11.5–11(b)(5) which requires a court to consider the earning ability of the parties. Although such a consideration may exist in the case at bar, under the statute and prior case law the trial court was nevertheless restricted to awarding Arlean an amount not in excess of the parties' actual physical assets.

■ Moreover, a recent United States Supreme Court decision bars distribution of military retirement benefits in dissolution proceedings. In *McCarty v. McCarty,* (1981) —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589, the Court found federal law precludes a state court from dividing military benefits under California's community property laws. The decision determined that state distribution of such benefits conflicts with a manifest congressional intent that military retirement pay constitute a strictly personal entitlement designed to actually reach the beneficiary. For these reasons we must conclude Damon's retirement benefits could not be included in the parties' marital assets subject to distribution.

We note two other theories might theoretically support an excessive award. First, under IC 31–1–11.5–11(c) a trial court may award a money judgment in excess of existing property to recompense for financial contributions made for a spouse's higher education, if little or no marital property

exists. Secondly, under IC 31–1–11.5–9, a trial court may award maintenance to a physically or mentally incapacitated spouse. Neither theory is supported by the record in this cause. We must therefore conclude the trial court erred in awarding Arlean property in excess of the marital assets.

This cause is reversed and remanded for proceedings not inconsistent with this opinion.

CONOVER and YOUNG, JJ., concur.