RAYMOND LEE JOHNSON v. MIRIAM ELAINE JOHNSON

No. 848DC960

(Filed 7 May 1985)

**Divorce and Alimony § 30— equitable distribution—vested military retirement benefits**

The trial court properly held that plaintiff's vested military retirement benefits constituted separate property not subject to equitable distribution where plaintiff's divorce complaint was filed prior to 1 August 1983, the effective date of the 1983 amendment to G.S. 50-20(b)(1).

APPEAL by defendant from *Setzer, Judge.* Order entered 13 July 1984 in District Court, WAYNE County. Heard in the Court of Appeals 18 April 1985.

*Barnes, Braswell & Haithcock by Tom Barwick for defendant appellant.*

*No counsel contra.*

COZORT, Judge.

The sole issue to be determined in this case is whether the trial court erred by finding that the plaintiff's vested military retirement benefits was separate property not subject to equitable distribution under G.S. 50-20(a). For reasons which follow, we hold that, under the facts of this case, the trial court's finding was correct.

Plaintiff and defendant were married 21 May 1955 while the plaintiff was on active duty with the United States Air Force. Plaintiff retired and began drawing retirement benefits 1 May 1974. Plaintiff and defendant separated 8 January 1982, and the plaintiff filed a complaint for divorce on 10 January 1983. Divorce was granted 29 March 1983. A hearing to determine equitable distribution was conducted 10 July 1984, and the trial court's order of equitable distribution was filed 13 July 1984. The trial court found that plaintiff's military retirement was separate property not subject to equitable distribution. Defendant appealed.

The Equitable Distribution Act was enacted in 1981. 1981 N.C. Sess. Laws Ch. 815. As originally enacted, the last sentence of G.S. 50-20(b)(2) provided: "Vested pension or retirement rights and the expectation of nonvested pension or retirement rights shall be considered separate property." In 1983, the General Assembly rewrote that sentence to read: "The expectation of nonvested pension or retirement rights shall be considered separate property." 1983 N.C. Sess. Laws, Ch. 758. It added a new sentence to G.S. 50-20(b)(1): "Marital property includes all vested pension and retirement rights, including military pensions eligible under the federal Uniformed Services Former Spouses' Protection Act." *Id.* The amendments in Chapter 758 were made "effective August 1, 1983, and shall apply only when the action for absolute divorce is filed on or after that date." 1983 N.C. Sess. Laws Ch. 811.

Thus, if the action for divorce is filed before 1 August 1983, all pension and retirement rights are considered separate proper-

ty for purposes of equitable distribution. If the divorce action is filed on or after 1 August 1983, vested pension and retirement rights are considered marital property, and the expectation of nonvested rights are considered separate property. In this case, plaintiff filed for divorce on 10 January 1983. The trial court correctly found plaintiff's retirement rights to be separate property.

Affirmed.

Judges ARNOLD and PHILLIPS concur.