Ronald W. KOENES, Appellant
(Petitioner Below),

v.

Caterina G. KOENES, Appellee
(Respondent Below).
No. 4–1284A342.[1]

Court of Appeals of Indiana,
First District.

June 10, 1985.

Charles H. Criss, Peru, for appellant (petitioner below).

Ronald H. Smith, Kokomo, for appellee (respondent below).

ROBERTSON, Judge.

Petitioner-appellant Ronald Koenes (Ronald) appeals from the decree of the Miami Superior Court dissolving his marriage with respondent-appellee Caterina Koenes (Caterina), dividing their property and determining custody, support, medical care and visitation rights regarding their unemancipated child.

We reverse.

The sole issue presented on appeal is whether the trial court erred in awarding Caterina a portion of Ronald's military retirement pay. The facts relevant to that issue are as follows.

Ronald enlisted in the United States Air Force in February, 1957, and married Caterina in July, 1959. After 21½ years of service, Ronald retired from the Air Force. At the time of the dissolution of marriage hearing in January, 1984, Ronald was receiving approximately $10,000.00 annually in military retirement pay.

The trial court awarded thirty percent of Ronald's retirement pay to Caterina. Ronald contends that the military retirement pay was not a divisible marital asset, because he had no present vested interest in the funds. Caterina argues that under the Federal Uniformed Services Former Spouses' Protection Act, the trial court must award part of the retirement benefits to the spouse.

The Former Spouses' Protection Act, codified at 10 U.S.C. § 1408 (1982) provides in pertinent part:

(c) [A] court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981 either as property solely of the member or as property of the member and his spouse in accordance

1. Diverted from the Fourth District by direction of the Chief Judge.

with the law of the jurisdiction of such court.

The Act was a legislative response to the United States Supreme Court decision, *McCarty v. McCarty*, (1981) 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589. In *McCarty*, the Supreme Court announced that federal law precludes a state court from dividing military benefits in a dissolution proceeding. *Id.* at 232, 101 S.Ct. at 2741. With the passage of 10 U.S.C. § 1408, the prohibition against the division of military pay was removed. It was Congress' intent by passage of the Act to alleviate hardship on former spouses of military personnel by allowing courts to consider retirement pay in fashioning divorce settlements. *See,* Legislative History, Pub.L. No. 97–252, 1982 U.S.Code Cong. & Ad.News 1555, 1570 and 1599.

■ However, the Act does not require division of military retirement funds. The Act permits, but does not command, state courts to consider military retirement benefits as marital property. The final decision concerning the treatment of military retirement funds remains with the states. The Act provides power to each state to deal with military pensions in the manner in which it had previously treated them or chooses to treat them in the future. *See, e.g., Grant v. Grant,* (1984) 9 Kan.App.2d 671, 685 P.2d 327; *In re Marriage of Kecskes,* (1984) Mont., 683 P.2d 478; *Chase v. Chase,* (1983) Alaska, 662 P.2d 944; *In re Marriage of Sarles,* (1983) 143 Cal. App.3d 24, 191 Cal.Rptr. 514; *Coates v. Coates,* (1983) Mo.App., 650 S.W.2d 307; *Matter of Marriage of Wallace,* (1983) 65 Or.App. 522, 671 P.2d 711; *Brown v. Brown,* (1983) 279 S.C. 116, 302 S.E.2d 860.

■ Thus, the enactment of 10 U.S.C. § 1408 did not undermine state common law or statutes concerning the treatment of military retirement benefits. At the time of the dissolution hearing in the instant case, the Indiana Legislature and courts maintained that the right to payments under a pension plan was not a marital asset subject to division. IND.CODE § 31–1–11.-5–2(d) (1982)[2] defined marital property as "all the assets of either party or both parties, including a present right to withdraw pension or retirement benefits." This statutory language constituted legislative adoption of prior case law requiring a present vested interest in property before subjecting it to distribution. *Sadler v. Sadler,* (1981) Ind.App., 428 N.E.2d 1305, 1307. Although a trial court must consider a spouse's pension plan as a factor in dividing marital property, the actual award under the property settlement must consist of assets in which the parties have a present vested interest. *Hiscox v. Hiscox,* (1979) 179 Ind.App. 378, 380, 385 N.E.2d 1166, 1167.

■ The military retirement pay received by Ronald was not an asset subject to disposition under Indiana's Dissolution of Marriage Act. Ronald could not demand a lump sum payment of his retirement but must survive from month to month in order to receive the benefits. "[W]here the pension is not present or vested in that the retiree must survive in order to receive the next periodic payment and is not entitled to receive payment on demand, the pension is not marital property which can be divided or awarded to the other spouse." *Wilson v. Wilson,* (1980) Ind.App., 409 N.E.2d 1169, 1178.

The award to Caterina of thirty percent of Ronald's military retirement pay was contrary to Indiana authority controlling at the time of the dissolution decree. Therefore, the award constituted an abuse of the trial court's discretion. The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

RATLIFF, P.J., and NEAL, J., concur.

---

2. The 1985 General Assembly amended I.C. 31–1–11.5–2(d) by adding subsection (3) as follows:

(d) The term "property" means all the assets of either party or both parties, including: ...

(3) the right to receive disposable retired or retainer pay, as defined in 10 U.S.C. 1408(a), acquired during the marriage, that is or may be payable after the dissolution of marriage. The amended section has no retroactive effect on the instant case, however.