Billie Lee SABLE, Respondent-Appellant,

v.

Jean SABLE, Petitioner-Appellee.

No. 64A03–8607–CV–196.

Court of Appeals of Indiana, Third District.

April 22, 1987.

John M. Lyons, Lyons and Truitt, Valparaiso, for respondent-appellant.

Eugene C. Ryding, Portage, for petitioner-appellee.

GARRARD, Presiding Judge.

This is a marriage dissolution case in which the husband appeals that portion of the final decree awarding the wife half of the future pension payments to be received by the husband. It is undisputed that the husband's survival was a necessary condition to receipt of future payments.

Under prior versions of the marriage dissolution act it seems clear the award could not be sustained. *See, e.g., Sadler v. Sadler* (1981), Ind.App., 428 N.E.2d 1305; *Hiscox v. Hiscox* (1979), 179 Ind.App. 378, 385 N.E.2d 1166.

In 1985, however, the legislature again amended the statutory definition of property, IC 31–1–11.5–2, to provide:

"(d) The term 'property' means all the assets of either party or both parties, including:

(1) A present right to withdraw pension or retirement benefits;

(2) The right to receive pension or retirement benefits that are not forfeited upon termination of employment, or that are vested, as that term is defined in Section 411 [26 U.S.C. Section 411] of the Internal Revenue Code, but that are payable after the dissolution of marriage; and

(3) The right to receive disposable retired or retainer pay, as defined in 10 U.S.C. 1408(a), acquired during the marriage, that is or may be payable after the dissolution of marriage."

Since the amendment expressed no effective date and contained no emergency clause, it became effective upon the promulgation of the Acts on September 1, 1985.

The wife commenced this action on July 25, 1985. Final hearing was had and the decree was entered April 9, 1986. Since the husband does not dispute the court's power to enter the order made under the 1985 amendment, the question is whether the court could properly apply that amendment to this proceeding. The husband urges it could not.

One of the traditional exceptions to the general rule that statutes operate prospectively is that a remedial statute must be construed to effect the evident purpose for which it was enacted. *Connecticut Mut. Life Ins. Co. v. Talbot* (1887), 113 Ind. 373, 14 N.E. 586. Accordingly, remedial statutes will be applied ret-

rospectively to carry out their legislative purpose unless to do so violates a vested right or constitutional guarantee. *Malone v. Conner* (1963), 135 Ind.App. 167, 189 N.E.2d 590; *In re Smith* (1945), 115 Ind. App. 494, 60 N.E.2d 147. A statute will usually be regarded as remedial when it is plainly intended to cure a defect or mischief which existed in a prior statute. *W.H. Dreves, Inc. v. Oslo School Twp.* (1940), 217 Ind. 388, 28 N.E.2d 252; *see also* 73 Am.Jur.2d *Statutes* Section 11, pp. 275–76.

■ Considering the history of the definition of property in the Dissolution Act and its interpretation by the courts,[1] we are led to the clear conviction that the 1985 amendment is remedial legislation. Accordingly, the wife was entitled to its benefit unless its application would deny some vested right of the husband's.

The statute, of course, has no application to the pension rights between the husband and his former employer. It operates only as to the remedy the court may utilize.[2]

Husband's right was to have the court divide the property of the parties in a just and reasonable manner considering the factors enumerated in the statute. IC 31–1–11.5–11.[3]

■ He had no vested right to have his pension payments considered as non-property, or more precisely, as property not acquired prior to final separation. Although it is not controlling, it need not be ignored that because of the nature of dissolution proceedings, the wife might have

dismissed her action and then recommenced it after the effective date of the amendment. Had she done so the amendment would clearly apply even though the separation date remained the same as before.

The amendment is remedial and was properly considered and applied by the trial court.

The judgment is affirmed.

STATON, J. concurs.

BUCHANAN, J., dissents and files separate opinion.

BUCHANAN, Judge, dissenting.

I respectfully dissent. Every amendatory act is not necessarily remedial. Retroactive application of the recently amended statute involved here, Ind.Code 31–1–11.5–2(d), which was changed to define marital property to include future retirement benefits, is not justifiable. The apparent intent of the legislature is violated.[1]

One of the long accepted principles of statutory construction is to consider a statute's legislative history, which may include legislation passed either before or after the statute's enactment. *Wright v. Fowler* (1984), Ind.App., 459 N.E.2d 386. It is also presumed that the legislature considered the history and decisions of the courts on the subject matter of the statute at the time of its enactment. *Stith Petroleum v. Department of Audit and Control* (1937), 211 Ind. 400, 5 N.E.2d 517.

1. The original version did not define property, but we construed the Act to require a vested interest in an asset. *Hiscox, supra.* The 1980 amendment added a definition of property to include a present right to withdraw pension or retirement benefits, but the definition was interpreted as merely reflective of our prior decisions. *Sadler, supra.*

2. Decisions under the prior law recognized that the court might consider the impact of prospective pensions or retirement pay in determining what was a "just and reasonable manner" of dividing the parties' other assets. *See Goodwill v. Goodwill* (1978), 178 Ind.App. 372, 382 N.E.2d 720.

3. "As has often been declared, there can be no vested right in remedies, provided they are not so changed as to be rendered nugatory. Hence it is that whatever belongs to the remedy merely is within the control of the Legislature, subject only to the limitation that an adequate and reasonable mode of enforcing the right must remain or be provided which leaves the value of the contract without substantial depreciation or impairment." *Glick v. Department of Commerce* (1979), 180 Ind.App. 12, 16, 387 N.E.2d 74, 77; *see also Speidel v. State* (1979), 179 Ind.App. 392, 394, 386 N.E.2d 180, 182.

1. No issue of constitutional restraints on retroactive laws is raised here.

The legislative history surrounding this statute does not suggest any remedial purpose for its recent amendment. Starting in the late 1970s, our courts held that marital property, according to long-standing principles of Indiana law, must consist of assets to which the parties have a vested present interest. *See Hiscox v. Hiscox* (1979), 179 Ind.App. 378, 385 N.E.2d 1166, *trans. denied; Savage v. Savage* (1978), 176 Ind. App. 89, 374 N.E.2d 536, *trans. denied.* The legislature not only acquiesced in our view of marital property, it enacted this view as positive law. 1980 Acts Pub.L. No. 180 § 1 (presently codified at IC 31–1–11.5–2(d)(1)). The legislature was therefore aware its definition would exclude certain kinds of retirement benefits from the definition of marital property. In light of this statutory history, it seems plain to me that the legislature's recent broadening of the definition of marital property is simply a change in policy, and is not an attempt to remedy an unwitting omission or defect in the former statute.

The Indiana Supreme Court recently has gone even further. Even if a statute is remedial in nature, retroactive application will be denied unless there are "compelling reasons" to do so:

> *Unless there are strong and compelling reasons, statutes will normally be given prospective application.* While statutes addressing merely procedural and remedial matters may be applied retroactively, such application is not required.... [R]etroactive application is the exception, and such laws are normally to be applied prospectively absent strong and compelling reasons.

*Gosnell v. Indiana Soft Water Serv.* (1987), Ind., 503 N.E.2d 879, 880 (emphasis supplied). *See also State ex rel. Mental Health Comm'r v. Estate of Lotts* (1975), 165 Ind.App. 347, 332 N.E.2d 234. I can ascertain no compelling reason for giving the new and expanded definition of marital property retroactive application.

For these reasons I would not give retroactive effect to the statute and would reverse the judgment.