Phyllis June BROWN *v.* Billy E. BROWN

CA 91-308                                   828 S.W.2d 601

Court of Appeals of Arkansas
Special Division III
Opinion delivered April 29, 1992

*Parker, Settle & McCarty,* by: *Patrick McCarty,* for appellant.

*Rex W. Chronister, P.A.,* by: *Rex W. Chronister,* for appellee.

ERNIE E. WRIGHT, Special Judge. Appellant, Phyllis Brown, and appellee, Billy Brown, were divorced by decree of the Crawford County Chancery Court June 20, 1989, after over thirty-seven years of marriage. They agreed on the settlement of all property rights except the division of appellee's military retirement benefits, 90 percent of which were earned during the marriage. The remaining 10 percent of the retirement benefits were attributable to appellee's military service prior to the marriage. Appellee had been retired and receiving retirement benefits some years prior to the divorce.

In August 1990, appellant filed a motion for contempt against the appellee for his failure to implement payments to her of increases in the military retirement benefits by cost of living adjustments occurring subsequent to the divorce decree. The appellee filed a response denying that appellant was entitled to share in cost of living increases occurring after the divorce.

The relevant provision of the divorce decree states:

> The Court finds that the Defendant is entitled to one-half of the gross retirement for that period of time in which the parties were married said period constituting 90% of the retirement benefits. The Court finds that the Defendant is entitled to one-half of 90% of the Plaintiff's military retirement. Each party shall be responsible for the respective taxes which may be attributable to their portion of the retirement benefits. The Plaintiff is ordered and directed to forthwith contact the Naval Finance Center in Cleveland, Ohio for the purpose of determining the most expedient manner to impliment [sic] the Defendant's direct receipt of these funds.

The decree specifically provided appellee was not required to maintain the appellant on the survivors benefit plan and there is no issue before us in that regard. The appellee implemented direct payment by the Navy to appellant beginning with the October 1989 payment, and the disbursement to appellant was based on the gross retirement benefits of appellee in effect in 1989. In January 1990, the appellee routinely received a monthly increase based on the cost of living adjustment and apparently the benefits will be subject to adjustment in January of each year. There was an increase in appellee's benefits in January 1990, and appellee has taken no steps to implement the payment of 90 percent of one-half of that increase to appellant.

There were other issues raised by each party relating to implementing the property settlement in keeping with the divorce decree, but all other issues were settled by the parties except appellant's claim to a share of the increased COLA benefits payable after October 1990. Incident to settlement of property rights under the divorce decree, appellant waived her rights to any share of the COLA increases through October 1990.

At a hearing on October 16, 1990, the issue was argued by counsel and subsequently letters were submitted to the trial court by counsel and filed in the record.

On April 30, 1991, the court entered an order finding that appellant was not entitled to share in the increases or decreases in appellee's Navy retirement payable after the date of the decree of divorce.

It is undisputed that appellee's military retirement benefits were marital property within the meaning of Ark. Code Ann. § 9-12-315 (Repl. 1991), except as to the 10 percent which he had earned prior to the marriage. There is no indication in the decree of divorce that the retirement benefits were to be divided on some equitable basis other than one-half of the portion earned during the marriage as contemplated by the statute. We find no valid reason for holding that the award of one-half of 90 percent of the gross retirement benefits does not carry with it the same portion of any COLA increases or decreases that occur subsequent to the divorce. The Arkansas appellate courts have not previously had occasion to pass on this specific issue. However, a number of cases from other states have addressed the issue and have held that a spouse upon divorce is entitled to share in COLA adjustments in retirement benefits applicable to the percentage of retirement benefits awarded to the spouse in the divorce decree. *See Neese* v. *Neese*, 669 S.W.2d 388 (Tex. App. 11 Dist. 1984), *Thorpe* v. *Thorpe*, 123 Wis.2d 424, 367 N.W.2d 233 (Wis. App. 1985), *In Re the Marriage of Bocanegra*, 58 Wash. App. 271, 792 P.2d 1263 (Wash. App. 1990) and *In re the Marriage of Haugh*, 58 Wash. App. 1, 790 P.2d 1266 (Wash. App. 1990).

From a review of our statute governing the division of marital property upon divorce, the divorce decree, and the above cases, we conclude that appellant is entitled to share in the COLA adjustments. Appellant is entitled to one-half of 90 percent of COLA adjustments incident to appellee's retirement pay made and to be made on and after November 1, 1990.

Reversed and remanded.

DANIELSON, J., agrees.

JENNINGS, J., concurs in the result.